UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ERIN WOODS**, ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | Case No. 7:20-cv-01631-CLM-JHE |
| ) | |
| **PATRICIA V. BRADLEY**, ) | |
|    Respondent. ) | |

**MEMORANDUM OPINION**

The magistrate judge entered a report that recommended this court dismiss Erin Woods's petition for writ of habeas corpus with prejudice (doc. 10). Woods has timely filed two objections (doc. 11).

First, Woods says the magistrate judge misinterpreted her petition as a request for relief under the CARES Act. (Doc. 11). The court disagrees. The magistrate judge analyzed Woods's petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Doc. 10 at 3 ("Because Woods challenges the execution of her sentence, specifically, the denial of home confinement, her petition is properly considered pursuant to 28 U.S.C. § 2241"). Woods is right that the magistrate judge concluded that the CARES Act does not provide the authority to release Woods, but this was due to the general principles that "[a] prisoner has no liberty interest in being transferred to home detention because no constitutionally protected interest in the place of confinement exists" and "[p]risoners also do not have any have any

constitutional right to be released before the expiration of a valid sentence." (*Id.*) (citations omitted). Woods points to her petition's request for "immediate release from the Federal Bureau of Prisons and the Aliceville prison facility, subject to any conditions the court chooses to impose, due to the unsafe conditions during the global pandemic at the facility where she is confined," (doc. 11 at 2) (citing doc. 1), but this is consistent with how the magistrate judge interpreted her petition and his reasoning that the court cannot grant Woods the relief she seeks because she has no constitutional right to such relief.

Second, Woods points to other violations in her petition she says the R&R did not address: a violation of 18 U.S.C. § 4042(a)(2), which requires the Bureau of Prisons to "provide suitable quarters and provide for the safekeeping, care, and subsistence" of federal prisoners; an Eighth Amendment violation, based on cruel and unusual punishment; and a Fourteenth Amendment due process violation, based on "indifference to Plaintiff's life and liberty." (Doc. 11 at 2; doc. 1 at 7-8). The magistrate judge did not discuss these separately from the CARES Act claim, but his conclusion that the relief Woods seeks is not available to her in a habeas petition covers each of them. Viewed through any of these lenses, Woods still has neither a "constitutionally protected interest in [her] place of confinement" nor "any . . . constitutional right to be released before the expiration of" her sentence. (*See* doc. 10 at 3-4). To the extent that Woods claims § 4042(a)(2) provides her a

right to habeas relief separate from the Constitution,[1] that statute is at most "a general duty of care to safeguard prisoners," *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998). Woods offers no authority for the proposition that the statute allows for release or relocation (as opposed to money damages or injunctive relief) when the government fails to adhere to its terms.

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be DISMISSED. A separate Order will be entered.

**DONE** this March 29, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

[1] Woods characterizes the alleged § 4042(a)(2) violation as a violation of her constitutional rights, rather than a separate statutory claim. *See* Doc. 11 at 2.